THE NATIONAL CITY BANK OF NEW YORK, Appellant, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 785. Submitted October 30, 1929.—Decided January 22, 1930.

*Hartzell, Kelly & Hartzell* and *R. O. Fernández,* for appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

The commercial firm of Successors of Cobián, Solares & Co., *S. en C.,* a limited partnership, subscribed a note in favor of The National City Bank of New York, San Juan branch, for $20,000, the amount of a loan it received from said bank, and to secure the same together with interest thereon and a certain sum for costs, it executed a public deed whereby it pledged to the bank several promissory notes made payable to the firm and, in addition thereto, it assigned and transferred to the bank several mortgage credits. By the tenth clause of the deed it was agreed as follows:

"If for any reason the firm of Successors of Cobián, Solares & Co., *S. en C.,* should fail to pay the principal of the loan or the interest thereon at maturity or at the expiration of any extensions that might be granted, or if the said firm should fail to perform any of the stipulations of the aforesaid secured obligation or contained in the present deed, The National City Bank of New York is empowered to dispose of said mortgage credits either at public or private sale, at its option, without any previous demand or notice, which said firm hereby waives, the said bank being hereby authorized to make an absolute transfer of said mortgage credits to the purchaser; and the said bank shall apply the proceeds of such sale to the payment of the

principal sum, interest thereon and costs, if any; but if, on the contrary, the debtor firm should perform all the stipulations of the said obligation and of the present deed at maturity or at the expiration of any extension that might be granted, then The National City Bank of New York shall reconvey to the said firm the mortgage credits hereinbefore mentioned.''

By the thirteenth clause it was stipulated as follows:

''The interest on the loan referred to in the secured obligation, which is transcribed in the first paragraph of the present deed, shall be payable in monthly installments at the end of each month, it being understood that upon default in the payment of any interest installment when due the principal of said loan shall forthwith become due and payable, and the creditor shall be free to proceed to its collection and to enforce the security provided by the within instrument.''

The mortgage credits in question are recorded in various registries of property, and when the above deed was presented for record in the Registry of Property of Guayama, the registrar recorded it conditionally, as follows:

''The foregoing instrument, which is deed No. 21 dated June 25, 1929, executed in San Juan before notary Rafael O. Fernández García, to whom three complementary documents were exhibited, has been recorded at folio 107 (back), of vol. 15 of Barranquitas, property No. 718, 4th record, but only as regards the mortgage interest which, under number '5' is described at page 21 of the aforesaid deed; and the record is refused of that portion of the tenth clause of the aforesaid deed wherein the assignee is empowered to 'dispose of said mortgage credit either at public or private sale, at its option, without any previous demand or notice, which said firm hereby waives, the said bank being hereby authorized to make an absolute transfer of said mortgage credits to the purchaser; and the said bank shall apply the proceeds of such sale to the payment of the principal sum, interest thereon and costs, if any', for the reason that the agreement set forth in the transcribed paragraph is void and contrary to the provisions of the Mortgage Law, since the contract of assignment in the present case being essentially a mortgage of a mortgage credit, (*subhipoteca*), the creditor can not lawfully appropriate to himself and dispose freely of the mortgage security without first foreclosing the same in accordance with the applicable law and procedure. Similarly, the record is refused of the thirteenth clause as being also illegal

and ineffectual, owing to the nature of the contract, as regards the present mortgage assignment; and a cautionary notice is entered in both cases, etc.''

This appeal has been taken from the refusal set forth in the above decision.

The contract in question is not essentially a mortgage of a mortgage credit or sub-mortgage (*subhipoteca*), as the registrar asserts, for the reason that it lacks the essential condition and characteristic of a sub-mortgage, namely, that the sub-mortgagor continues to hold the ownership of the mortgage credit pledged, since the firm of Cobián, Solares & Co. has transferred and assigned its mortgage credits to the bank, although subject to the conditions stipulated in clauses ten and thirteen above transcribed. Nor could such contract be considered as a sub-mortgage because it stipulates that the bank shall reconvey to the firm the mortgage credits in the event the debt represented by the note is duly paid, since even if considered as a sale of the credits, it does not fall within the provisions of Act No. 47 of April 13, 1916, according to which a sale with a covenant to repurchase is presumed to be a mortgage, among other cases, when the vendor pays to the purchaser interest on the purchase price, even though such interest should be called rental or otherwise. The act refers to the sale of real estate, whereas in the present case mortgage rights are transferred or assigned, and no interest is paid by the assignor except on the obligation secured by said conditional assignments. The contract, therefore, can not be considered as a sub-mortgage.

As to the stipulations which the registrar refused to record in his books, we do not find that they contravene the provisions of the Mortgage Law, because, as we have already stated, the contract entered into is not a sub-mortgage. Nor are they void, since although the matter is not expressly regulated by the Civil Code, yet under section 1222 thereof the contracting parties may establish any agreements, terms and conditions they may deem advisable, provided they are

not contrary to law, morals, or public order; and the agreement whereby the bank, as assignee of the mortgage credits, is authorized to dispose of the said credits at public or private sale, at its option, without any demand or notice, which are waived by the said firm, and to transfer unconditionally such credits to the purchaser, applying the proceeds thereof to the payment of the principal sum due, does not contain any of the objectionable features referred to in the said section. The assignee is not authorized by the said agreement to appropriate the credits, as the registrar thinks, but only to sell them. Therefore the agreement does not come within the purview of section 2 of Act No. 47, *supra,* which provides that any agreement authorizing the mortgagee, upon default, to appropriate to himself the property mortgaged, is null and void. On the contrary, that provision seems to admit by implication the legality of an agreement such as we are here considering. The foregoing applies also to the thirteenth clause of the deed herein.

The decision appealed from must be reversed accordingly.